JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  EDCV12-1006-JST (OPx)                                              Date:  June 26, 2012
Title:  Skyline Vista Equities, LLC v. Cynthia Brown, et al.

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

| Nancy Boehme | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:       ATTORNEYS PRESENT FOR DEFENDANT:

      Not present                                                      Not present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER REMANDING CASE TO RIVERSIDE COUNTY SUPERIOR COURT, CASE NO. SWC1200818**

     Plaintiff Skyline Vista Equities LLC ("Skyline") filed this unlawful detainer action against Defendant Cynthia Brown in Riverside County Superior Court on April 11, 2012, Case Number SWC 1200818.  On May 23, 2012, Thomas Duck ("Duck") filed a prejudgment claim of right to possession, which added him as a defendant to the case.  On June 19, 2012, Duck removed this action on the basis of federal question jurisdiction, 28 U.S.C. § 1331.  (Doc. 1.)  Where a federal district court lacks subject matter jurisdiction, it must remand the case, and has the discretion to do so *sua sponte*.  *See Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) (citing 28 U.S.C. § 1447(c)).  For the reasons discussed below, the Court sua sponte REMANDS this case to the Riverside County Superior Court.

     When reviewing a notice of removal, "it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chem. Co*., 443 F.3d 676, 684 (9th Cir. 2006) (internal quotation marks omitted)).  Courts "strictly construe the removal statute against removal jurisdiction," thus "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*  Moreover, removal is proper only in "state-court actions that originally could have been filed in federal court . . . ." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  EDCV12-1006-JST (OPx)                      Date:  June 26, 2012

Title:  Skyline Vista Equities, LLC v. Cynthia Brown, et al.

properly pleaded complaint."  *Id.*  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

      Here, Duck's notice of removal is based on alleged federal question jurisdiction.  Specifically, he cites the Protecting Tenants at Foreclosure Act ("PFTA") of 2009.  However, because the underlying action here is an unlawful detainer, a federal question does not present itself.  *See IndyMac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337, 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (sua sponte remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *Galileo Fi. v. Miin Sun Park*, No. EDCV 09-1660, 2009 WL 3157411, *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law.  Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists.").  Furthermore, the PFTA is only a defense to the state law unlawful detainer action, and a "PFTA defense does not confer federal question jurisdiction upon this [C]ourt."  *Aurora Loan Servs., LLC v. Torres*, No. 5:11-CV-03061-EJD, 2011 WL 4551458, at *1 (N.D. Cal. Sept. 30, 2011).  "Moreover, federal courts have uniformly concluded that the PFTA does not preempt state law unlawful detainer actions."  *Id.*

      For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction over this case, and REMANDS it to Riverside County Superior Court.

                                             Initials of Preparer:  nkb